Howell v. The State.

No. 503.

HOWELL v. THE STATE.

CRIMINAL LAW.—*Indictment.— Venue.*—An indictment which contains a recital that it was found by the grand jury of a certain county is sufficient, though it contains no recital that such county was situated in this State.

SAME.—*Sale of Liquor.—Allegation that Seller was not Licensed.*—An allegation, in an indictment for selling liquor without a license, that the defendant " did not then and there have a license under the State law to sell intoxicating liquors," is sufficient.

From the Morgan Circuit Court.

*J. H. Jordan, O. Matthews* and *H. A. Smock,* for appellant.

*E. S. Davis,* Prosecuting Attorney, *N. A. Whitaker, J. J. Hilton* and *J. M. Bishop,* for the State.

REINHARD, J.—The appellant was indicted, tried and convicted in the court below for selling intoxicating liquors to be drunk upon his premises without a license so to do. The first alleged error is the overruling of the motion to quash the indictment, which (omitting the caption) is as follows :

" The grand jury of the county of Morgan, upon their oath, do present that at the county of Morgan, and State of Indiana, on the 20th day of December, 1890, one Thomas B. Howell did then and there unlawfully sell to Philander Crawford, at and for the price of 15 cents, one quart of intoxicating liquor, to wit, beer, to be then and there drunk in the house, out-house, yard, garden, and the appurtenances thereto belonging, of the said Thomas B. Howell, where the said liquor was sold, he, the said Thomas B. Howell not then and there having a license under the State law to sell intoxicating liquor, contrary to the form of the statute made and provided in such cases.          EDWARD S. DAVIS,

"Pros. Atty."

One of the objections to the indictment, pointed out in

the brief of the appellant's counsel, is that it fails to state in the introductory portion that it was found by the grand jury of Morgan county, Indiana. Another is that the negative averment, "he, the said Thomas B. Howell, not then and there having a license under the State law to sell intoxicating liquors," is insufficient.

Both of these points have already been determined by this court adversely to appellant's contention, and we see no cause for changing our conclusions upon these subjects. *Howell* v. *State, ante,* p. 148.

Another objection urged against the indictment is that it is not endorsed " A true bill," and such endorsement signed by the foreman. In this counsel are manifestly mistaken. The record shows that the indictment, on the back thereof, was indorsed, "A true bill, Lewis De Turk, Foreman." The indictment is sufficient, and there was no error in overruling the motion to quash.

It is next insisted that the appellant's motion for a new trial should have been sustained because of the insufficiency of the evidence to sustain the verdict.

We have given the evidence a careful examination, and while we have some doubt as to the correctness of the conviction, we can not say the jury had not *some* evidence upon every material point to authorize a verdict of guilty. Much of the evidence in respect to the suffering to be drunk upon the premises was circumstantial, and under the authorities was such as tended to prove that branch of the case.

Another alleged ground for the granting of the motion for a new trial was error in giving certain instructions and refusing others. We have carefully examined all the instructions given and those refused, and are of the opinion that the court stated the law to the jury fully and fairly under the issues. No reversible error was committed in this respect. This disposes of all the questions presented.

Judgment affirmed.

Filed April 29, 1892.